[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12963
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 18, 2010
JOHN LEY
CLERK

Agency Nos. A097-625-791, A097-625-792

VILMA EDITH HODGES,
JOHN JAIRO HODGES,
DIEGO CAMILO REYES,
LORENA ANDREA P. REYES,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 18, 2010)

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Vilma Edith Hodges, her husband, John Jairo Hodges, and their children, Diego Camilo Reyes and Lorena Andrea P. Reyes, through counsel, seek review of a Board of Immigration Appeals order denying their motion to reopen removal proceedings. Specifically, the Hodges argue that the BIA erred in denying their motion to reopen because they received ineffective assistance of counsel.[1]

In reviewing the BIA's denial of a motion to reopen removal proceedings, we employ "a deferential, abuse-of-discretion standard of review." Kucana v. Holder, — U.S. —, — S. Ct. —, 2010 WL 173368, at *6 (2010); Al Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001). "Our review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005) (quotation marks and citation omitted).

An alien may file one motion to reopen removal proceedings. 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(a), (c). "Motions to reopen are disfavored, especially in a removal proceeding, 'where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United

---

[1] The Hodges filed a second motion to reopen with the BIA, and that motion was based on changed circumstances in Colombia, the country to which removal had been ordered. The Hodges raise no challenge to the BIA's determination that the Hodges failed to demonstrate a material change of conditions in Colombia. The Hodges have therefore abandoned that issue. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

States.'" Abdi, 430 F.3d at 1149 (quoting I.N.S. v. Doherty, 502 U.S. 314, 323, 112 S. Ct. 719, 724-25 (1992)). Generally, an alien must file a motion to reopen proceedings "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). We have said that the statutory ninety-day filing deadline "is mandatory and jurisdictional, and, therefore, it is not subject to equitable tolling." Abdi, 430 F.3d at 1150.

The BIA dismissed the Hodges' appeal of the Immigration Judge's decision on May 30, 2008. The Hodges filed their motion to reopen based on ineffective assistance of counsel approximately five months later, on October 27, 2008. The Hodges' motion to reopen was clearly untimely. We can find no abuse of discretion in the BIA's denial of the Hodges' clearly untimely motion to reopen. See Abdi, 430 F.3d at 1150. Even if equitable tolling of the ninety-day statutory deadline was permitted, the Hodges do not argue in their brief that the deadline should be tolled in their case and have therefore abandoned that issue. Sepulveda, 401 F.3d at 1228 n.2.

Even were we to reach the substance of the Hodges' ineffective assistance argument, the result of this appeal would not change because that argument is fatally flawed. An alien may base a motion to reopen on ineffective assistance of counsel, as "[i]t is well established in this Circuit that an alien in civil deportation proceedings . . . has the constitutional right under the Fifth Amendment Due

3

Process Clause to a fundamentally fair hearing to effective assistance of counsel where counsel has been obtained." Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1273 (11th Cir. 2005) (emphasis omitted). We have explained that an alien claiming ineffective assistance of counsel in the context of a removal hearing must show prejudice. Id. at 1274. "Prejudice exists when the performance of counsel is so inadequate that there is a reasonable probability that but for the attorney's error, the outcome of the proceedings would have been different." Id.

The Hodges argue in their motion to reopen and in their appellate brief that their counsel did not meet with them in order to prepare for their removal proceedings. However, the Hodges attached to their motion to reopen a complaint they filed with the Florida bar in which they said that they met with their attorney twice prior to the removal proceedings. Either way, other than a conclusory statement that their attorney's actions caused them prejudice, the Hodges fail to demonstrate or even address how additional meetings with their counsel in preparation for the removal proceedings would have changed the BIA's decision. See id. at 1275. Because the Hodges make no showing that their counsel's allegedly ineffective assistance prejudiced them, their motion to reopen on the basis of ineffective assistance of counsel is fundamentally flawed.

The BIA did not abuse its discretion in denying the Hodges' motion to reopen as untimely. Abdi, 430 F.3d at 1150. Additionally, the Hodges failed to

4

show prejudice as required when an alien moves to reopen or reconsider removal proceedings on the basis of ineffective assistance of counsel. Dakane, 399 F.3d at 1274-75. For either of these reasons, we cannot conclude that the BIA abused its discretion when it denied the Hodges' motion to reopen; we therefore deny the petition for review.

PETITION DENIED.